# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Joseph E. BREITZMAN, Attorney at Law.

Supreme Court

*No. 91-0469-D. Decided December 17, 1991.*

(Also reported in 477 N.W.2d 625.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Joseph E. Breitzman to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of Attorney Breitzman's neglect of client matters, his failure to communicate with his clients and keep them informed of the status of those matters and his failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of client grievances concerning his conduct.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Breitzman's misconduct and determine that the recommended six-month

license suspension is appropriate discipline. Attorney Breitzman's neglect of one client matter resulted in a substantial default judgment being entered against his clients, as well as necessitating their retaining successor counsel to represent them in the matter. In addition, he neglected two clients' criminal matters. By that neglect, Attorney Breitzman violated his fundamental professional duty to diligently pursue the interests of his clients and provide them competent representation.

Attorney Breitzman was admitted to practice law in Wisconsin in 1981 and, until suspended from practice in May, 1990 for failure to comply with continuing legal education requirements, practiced in Wauwatosa. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney S. Michael Wilk.

On a stipulation of the parties, the referee made the following findings of fact. In January, 1988, Attorney Breitzman undertook to represent a couple in an action commenced against them by a former landlord. When he failed to serve the answer to the complaint on the plaintiff's attorney or otherwise enter a notice of appearance, the court entered a $1,400 default judgment against his clients. Attorney Breitzman's subsequent motion to vacate that judgment was granted in May, 1988. Thereafter, Attorney Breitzman did not inform his clients of the trial date and for four months ignored their telephone calls and requests for information.

At the end of May, 1989, without his clients' knowledge, Attorney Breitzman obtained an adjournment of the trial on the condition that his clients pay $335 in costs to the plaintiffs. Attorney Breitzman did not tell his clients what he had done or that the court had ordered the costs to be paid by June 15, failing which judgment would be entered against them. When the costs

were not paid, the court entered a judgment against his clients in the amount of $2,843.

For the next two months, Attorney Breitzman failed to return any of his clients' numerous telephone calls. In the middle of August, he told his clients it was necessary to prepare for trial, even though a judgment in the case had already been entered. The clients retained new counsel but the court denied that attorney's motion to reopen the judgment. During the course of the Board's investigation of this matter, Attorney Breitzman did not respond to four requests for information concerning the clients' grievance. In an attempt to make restitution to these clients, Attorney Breitzman signed a note promising to pay them $3,200 but, as of the date of the disciplinary hearing, had made no payments on that note.

The referee concluded that Attorney Breitzman violated SCR 20:1.1[1] by failing to competently represent his clients, violated SCR 20:1.3[2] by failing to represent their interests with reasonable diligence and promptness, violated SCR 20:1.4(a)[3] by failing to communicate with them and keep them reasonably informed about the sta-

---

[1]SCR 20:1.1 provides:

**Competence.** A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2]SCR 20:1.3 provides:

**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client.

[3]SCR 20:1.4 provides:

**Communication.** (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

tus of their case and violated SCR 21.03(4)[4] and 22.07(2)[5] by failing to cooperate with the Board's investigation.

In another matter, in 1989 Attorney Breitzman was retained to represent a man charged with three felonies. Shortly before the date of trial, Attorney Breitzman told his client the case could not be tried because money was still owed to him for his retainer. He then advised the client to plead guilty pursuant to a plea bargain which would have his sentences run concurrently. However, when the client entered a guilty plea, he was sentenced to consecutive prison terms.

The client appealed his convictions pro se and asked Attorney Breitzman to give him his file, including transcripts, records and other material. Attorney Breitzman told him he had no documents or file. During the Board's investigation of this matter, Attorney Breitzman did not

---

[4]SCR 21.03 provides:

**General principles.**

. . .

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5]SCR 22.07 provides:

**Investigation.**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

respond to five requests for information. At the disciplinary hearing, the Board dismissed charges of neglect and the referee concluded that Attorney Breitzman's failure to cooperate with the Board's investigation violated SCR 21.03(4) and 22.07(2).

In a third matter, in September, 1989 the public defender appointed Attorney Breitzman to provide appellate representation to a man convicted of first-degree homicide. When Attorney Breitzman failed to timely file a brief on behalf of his client or a no merit report, the Court of Appeals discharged him as counsel. During the Board's investigation of this matter, Attorney Breitzman did not respond to five requests for information.

The referee concluded that Attorney Breitzman violated SCR 20:1.3 by failing to represent his client with reasonable diligence and promptness, violated SCR 20:1.4(a) by failing to communicate with his client and keep him reasonably informed about his legal representation and violated SCR 21.03(4) and 22.07(2) by failing to cooperate in the Board's investigation.

Attorney Breitzman's neglect of these client matters had serious consequences to his clients. Coupled with his consistent failure to cooperate in the Board's investigation into his clients' grievances, that professional misconduct warrants severe discipline.

IT IS ORDERED that the license of Joseph E. Breitzman to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Joseph E. Breitzman pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a

showing to this court of his inability to pay the costs within that time, the license of Joseph E. Breitzman to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Joseph E. Breitzman comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.